**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

SANDRA GENDRIKOVS-BAYER,

Plaintiff,

v.

BELLAGIO HOTEL AND CASINO, BELLAGIO LLC, MGM RESORTS INTERNATIONAL AND CAPITAL DOOR COMPANY OF LAS VEGAS

Defendants.

Civil Action No.

2:14-cv-6324(SDW)(SCM)

**OPINION AND ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND ALTERNATIVELY TO TRANSFER VENUE [D.E. 8]**

STEVEN C. MANNION, UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

Before the Court is defendants Bellagio LLC[1] and MGM Resorts International (collectively "Defendants'") motion to dismiss or in the alternative to transfer venue to the United States District Court for the District of Nevada. (ECF Docket Entry No. ("D.E.") 8). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. Upon consideration of the parties' submissions and for the reasons set forth below,

[1] Bellagio LLC d/b/a Bellagio Hotel-Casino (improperly pled as Bellagio Hotel and Casino.

Defendants' motion to transfer venue is **GRANTED**, deeming Defendants' motion to dismiss **moot**.

## II. FACTS & PROCEDURAL HISTORY

Plaintiff Sandra Gendrikovs-Bayer ("Plaintiff") alleges that on or about April 3, 2013, while a guest and invitee of Defendants, she was cut in the back of her right leg while going through a revolving door at the Bellagio Hotel & Casino and "almost fully severed" her Achilles tendon. (D.E. 13-2, Genrikovs-Bayer Aff. at ¶¶ 3-4). As a result of the injury, Plaintiff underwent surgery in New Jersey, where she also received additional post-operative treatment. *Id.* at ¶¶ 5-6. Consequently, Plaintiff also alleges she was permanently and seriously injured as a result of a "dangerous and defective" revolving door in the main lobby. (D.E. 1, *Compl.* ¶¶ at 9-24).

On October 10, 2014, Plaintiff, a New Jersey resident, commenced this action seeking damages for her personal injuries sustained in Las Vegas, Nevada. (D.E. 1, Compl).[2] On December

[2] Plaintiff's Complaint asserts that this Court has jurisdiction over this case based upon diversity of citizenship. (D.E. 1 at ¶ 7). The Complaint states that Plaintiff resides in New Jersey, (D.E. 1 at ¶ 1) and that "defendant Bellagio LLC is a corporation with a principle place of business located [in]… Nevada." (D.E. 1 at ¶ 2). For diversity jurisdiction to exist, all plaintiffs must be citizens of a different state or states from all defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A corporation's citizenship, for purposes of diversity, is determined by the state in which it has been

23, 2014, Defendants filed the instant motion to dismiss or in the alternative to transfer venue. (D.E. 8).

On March 11, 2015, Plaintiff opposed Defendants' motion. (D.E. 13). Defendants replied on March 19, 2015. (D.E. 14).

## III. **DISCUSSION**

### A. Forum *Non Conveniens*

Defendants assert the Court should dismiss this matter on the basis of forum *non conveniens* because Nevada appropriately has jurisdiction over this matter, and failure to dismiss "would be unduly oppressive and vexatious under the circumstances" if the matter remains in New Jersey. (D.E. 8-1, Def.'s Br. at 4. In the alternative, Defendants argue the Court should transfer this matter to the District of Nevada pursuant to 28 U.S.C. § 1404 (a).

---

incorporated and of the state where it has its principal place of business. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Conversely, the citizenship of an unincorporated entity, such as a limited liability company, limited liability partnership, or partnership for purposes of diversity is determined by the citizenship of each of its members or partners. Id. The citizenship of a natural person is determined by their domicile. Id.

Considering that Bellagio, LLC is an unincorporated entity but the pleading asserting jurisdiction does not specify the citizenship of all of its members or partners. Defendants' dismissal motion papers also do not provide the necessary information. Thus, this Court must question whether there is diversity jurisdiction as alleged. However, given that transfer is being ordered, the Court need not explore this issue further at this time.

Plaintiff opposes Defendants' motion and asserts Nevada is not an alternative forum because dismissing this matter pursuant to forum *non conveniens* would preclude Plaintiff from pursuing her claims due to Nevada's statute of limitations for personal injury actions. (D.E. 13, Pl.'s Br. in Opp'n at 5-6).

A federal court may dismiss a case on forum *non conveniens* grounds "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429, 127 S.Ct. 1184, 167 L. Ed. 2d 15 (2007) (alterations in the original)(quotation marks omitted). However, the common law doctrine primarily applies "where the alternative forum is abroad," and only "perhaps in rare instances where a state or territorial court serves litigational convenience best." *Id.* (internal citations and quotation marks omitted); *see also American Dredging Co. v. Miller*, 510 U.S. 443, 448 n. 2, 127 L. Ed. 2d 285, 114 S. Ct. 981 (1994).

For most other cases, the appropriate venue is the core of such concerns, which Congress addressed when the doctrine was

codified through 28 U.S.C. § 1404 (a) that provides for "transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem*, 549 U.S. at 429 ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." (quoting 28 U.S.C. 1404 (a)). Thus, when there is another appropriate federal district court forum, the motion for dismissal on forum *non conveniens* grounds is best treated as a motion to transfer. *See Horowitz Finance Corp. v. Vacation Time of Hilton Head Island, Inc.*, 1991 WL 192149, 1991 U.S. Dist. LEXIS 13375, at *19 (D.N.J. Sept. 23, 1991).

The Court declines to analyze this motion pursuant to the doctrine of forum *non conveniens* because the alternative venue Defendants are seeking is the District of Nevada, another federal district court. *See Sinochem*, 529 U.S. at 429 (stating dismissal on forum non conveniens grounds "has continuing application in federal courts only in cases where the alternative forum is abroad"). Since the alternative forum is indeed domestic, forum *non conveniens* does not apply and the Court will determine whether this matter should be transferred

pursuant to 28 U.S.C. § 1404.[3] *See Id.*; *see also Lafferty v. Gito St. Riel*, 495 F.3d 72, 78, n.8 (3d Cir. 2007).

B. Transfer

A motion to transfer a case to another district is considered a non-dispositive motion, which may be decided by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, 2008 U.S. Dist. LEXIS 15623, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008). Further, the decision to grant or deny an application for transfer is discretionary. *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000). Consequently, if such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law." *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

In analyzing a request to transfer venue, courts have not limited consideration to the factors enumerated in § 1404(a), which are the convenience of the parties, the convenience of the witnesses and the interests of justice. *See Jumara v. State Farm*

[3] The Court also declines to analyze this motion pursuant to 28 U.S.C. 1406, as caselaw dictates application of 28 U.S.C. 1404 when a motion to dismiss for forum *non conveniens* is inapplicable. See *Sinochem*, 529 U.S. at 429; see also American Dredging Co.,510 U.S. at 448 n. 2. However, the Court notes that pursuant to 28 U.S.C. 1391, venue would not be properly laid in New Jersey because the Defendants reside in Nevada, and a substantial part of the events giving rise to the claims arose in Nevada.

*Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Rather, courts "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* (internal citations and quotation marks omitted).

The *Jumara* court established factors in two categories to assist a court's analysis of a motion to transfer: private interests and public interests. *Id.* In examining the private interests, courts should look to the following factors: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties indicated by their relative physical and financial condition; (5) the convenience of witnesses; and (6) the location of books and records relevant to the dispute. *Id.* The last two factors are not relevant unless the witnesses and/or records would be unavailable at trial in one of the two fora. *Id.*

In considering the public interests, courts are instructed to analyze: (1) the enforceability of the judgment; (2) practical concerns that could reduce the time and expense necessary to resolve the claims at issue; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial

judge with the applicable state law in diversity cases. *Id.* at 879-80.

The moving party bears the burden of proving a need for transfer. *LG Elecs. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. *Jumara*, 55 F.3d at 879; *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). This burden is a heavy one; as the Third Circuit has noted, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Plaintiff asserts the private interest factors weigh against transfer because her substantive medical treatment occurred in New Jersey; all of the evidence related to the injury and damages are located New Jersey; Plaintiff would bear significant costs to appear in Nevada to litigate the case; Defendants' witnesses are not required to come to New Jersey for depositions, which can be conducted electronically; and there will be no issues enforcing a judgment. (D.E. 13 at 4-12). Plaintiff also asserts the public interest factors weigh against transfer because the law governing New Jersey and Nevada

regarding a negligence theory is the same, and therefore, the trial judge will be familiar with the applicable law; New Jersey has an interest in seeing that its own resident is able to litigate her claim; and since the other factors are not of meaningful concern, Defendants' motion should be denied in its entirety. (*Id.* at 12-15).

This action is on all fours with *Skyers v. MGM Grand Hotel, LLC*, slip op. Dkt. No. 9, 14-cv-4631 (D.N.J. April 1, 2015), which also involved a personal injury suffered by a New Jersey resident at a Nevada hotel. The Honorable Noel Hillman, U.S.D.J. concluded there, "other than the fact that plaintiffs are citizens of New Jersey and Ms. Skyers claims that she has received some medical treatment in New Jersey, all other public and private factors in the transfer analysis compel the transfer of the matter to Nevada." Id. at 6-7.

The reasoning in *Skyers* is equally applicable here and adopted for this case. The balance of private and public factors compel transfer of this matter to Nevada. The cause of action arose in Nevada. Located in Nevada are: (1) the revolving door upon which Plaintiff was injured; (2) the Bellagio employee witnesses; (3) the entity responsible for maintaining the door; and (4) the door maintenance company's employees. Bringing the majority of the liability evidence to New Jersey is

not practical, especially after Plaintiff voluntarily traveled to Nevada prior to her injury.

## IV. CONCLUSION

The Court finds, in the interests of justice, transfer is appropriate. The only connection this case has to New Jersey is Plaintiff's residence and her treating physicians. All proofs regarding liability are in Nevada, as well as most of the named Defendants.

For the foregoing reasons,

**IT IS** on this Friday, May 15, 2015,

1. **ORDERED** that Defendants' motion to transfer venue, (D.E. 8), is **GRANTED**; and it further
2. **ORDERED** that Defendants' motion to dismiss is **terminated** as moot; and it further
3. **ORDERED** that the Clerk of the Court shall transfer the action to the United States District Court for the District of Nevada, Las Vegas Vicinage; and it further
4. **ORDERED** that the transfer be stayed for twenty (20) days to

accommodate any appeal to the District Court.




Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/15/2015 8:54:33 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
File