# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA GENDRIKOVS-BAYER,<br><br>    Plaintiff<br><br>v.<br><br>BELLAGIO HOTEL AND CASINO; BELLAGIO, LLC; MGM RESORTS INTERNATIONAL; and CAPITOL DOOR COMPANY OF LAS VEGAS,<br><br>    Defendants | 2:15-CV-01084-JAD-GWF<br><br>**Order Denying Motion for Relief from Dismissal Order**<br><br>[ECF 36] |

In September, I granted Bellagio, LLC and MGM Resorts International's motion to dismiss this case.[1] Plaintiff did not oppose the motion and, when granting it, I cited this court's local rule that deems the failure to oppose a motion as consent to granting it.[2]

Plaintiff—now represented by new counsel—moves for relief from that dismissal order. New counsel explains that prior counsel (David Owens), who was not even licensed to practice law in this state, "failed to inform new counsel of the status of the case, did not inform Plaintiff of the status of her case, and certainly failed to oppose" the motion to dismiss.[3] Maybe, he speculates, because the motion was served on prior counsel's law partner (Sean King), and not on prior counsel himself (David Owens).[4] But defendants point out that the motion was emailed to Mr. Owens himself.[5] Regardless, service on a different lawyer at the same firm is no excuse for the document not reaching Mr. Owens.

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to grant relief from a

---

[1] ECF 32.

[2] L.R. 7-2(d).

[3] ECF 36 at 3.

[4] *Id*.

[5] ECF 37 at 2.

final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Plaintiff has not demonstrated that any of these circumstances exists here. At most, she has shown that her attorney was neglectful, and her new counsel pleads for me to let her case be decided on its merits. But, as the Supreme Court recognized in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, "clients must be held accountable for the acts and omissions of their attorneys"[6]:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.[7]

Because plaintiff has not demonstrated any basis under Rule 60(b) for me to set aside my dismissal order,[8] I deny her motion.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's Motion for Relief from Court's September 14, 2015, Order to Dismiss Plaintiff's Claim Pursuant to FRCP 60(b) **[ECF 36] is DENIED**.

Dated this 18th day of December, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[6] *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 396 (1993).

[7] *Id.* at 397 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (internal quotations omitted)).

[8] Although defendants opposed the motion, ECF 37, plaintiff filed no reply.